```
                UNITED STATES BANKRUPTCY COURT
                EASTERN DISTRICT OF NORTH CAROLINA
                         RALEIGH DIVISION
```

IN RE:                                          CASE NO.

WILLIAM E. JOHNSON                              05-01845-5-ATS
REBECCA C. JOHNSON

    DEBTORS

**ORDER REGARDING MOTION TO ALLOW ESTATE TO RETAIN DEPOSIT**

The matter before the court is the chapter 7 trustee's motion to allow the bankruptcy estate to retain an earnest money deposit.  A hearing took place in Raleigh, North Carolina on October 25, 2005.

William E. Johnson and Rebecca C. Johnson filed a petition for relief under chapter 7 of the Bankruptcy Code on May 5, 2005, and Joseph N. Callaway, II was appointed trustee.  Among the estate's assets is a piece of property described as Lot 14 in Landmark Subdivision, Johnston County, North Carolina.  Stock Building Supply holds a first deed of trust on the property with an approximate balance on the petition date of $38,718.79.  Stock filed a motion for relief from the automatic stay to foreclose on the property, and Stock and the trustee reached an agreement to allow the trustee an opportunity to sell the property.

Prior to the filing of the petition, Tyra Gilliam expressed an interest in purchasing the property.  Postpetition, the trustee approached Ms. Gilliam and reached an agreement to sell the property

for $40,000, with a $4,000 deposit to be held in escrow.  The trustee's agreement with Stock provided that of the $40,000 proceeds, Stock would receive $36,000 and the estate would retain $4,000.  The agreement further provided that the trustee would have 90 days to sell the property, after which the stay would lift.  The agreement between Stock and the trustee was memorialized in a consent order entered on August 12, 2005, and an order allowing the sale to Ms. Gilliam was also entered on August 12, 2005.

The trustee provided the trustee's deed and other necessary information to Ms. Gilliam's closing attorney, but the sale failed to close.  The trustee now seeks an order allowing it to retain the $4,000 earnest money deposit for the benefit of the estate, contending that the estate has been damaged by Ms. Gilliam's breach of contract in the amount of $4,000.  Stock contends that it is entitled to 90 percent of the escrowed funds by virtue of its agreement with the trustee, while Ms. Gilliam contends that the contract did not provide for forfeiture of the $4,000 should the sale fail to close, and she is entitled to a return of the funds.

The agreement between the trustee and Ms. Gilliam is memorialized in the motion to sell free and clear of liens and the order allowing the sale.  While those documents reference the earnest money escrow deposit, neither provides for the forfeiture of the funds in the event Ms. Gilliam did not purchase the property.  The court agrees with Ms.

Gilliam that the funds are not automatically forfeited as a result of her failure to close.

On the other hand, it is possible that the estate will be damaged by Ms. Gilliam's breach of contract. At this time, however, the amount of damages cannot be ascertained. The automatic stay will terminate on November 10, 2005, after which Stock will pursue its foreclosure. Should the property sell for more than the balance due on the debt to Stock, the estate will receive proceeds from the sale. If those proceeds exceed $4,000, then the estate will have suffered no damages and Ms. Gilliam will be entitled to a refund of the deposit.[1] If the proceeds do not exceed $4,000, then the estate will have incurred damages in some amount. Should the property sell for less than the balance owed on the debt to Stock, the estate may be further damaged by Stock's additional unsecured claim against the estate, and Ms. Gilliam may find herself exposed to more than $4,000 in damages.

In summary, the court finds that the $4,000 will not be forfeited as a result of Ms. Gilliam's failure to close, but because Ms. Gilliam may be responsible for any damages suffered by the estate as a result of her breach of contract, the trustee shall continue to hold the $4,000 in trust until the foreclosure sale concludes and any damages are determined.

---

[1] It may be that Ms. Gilliam will still be responsible for any costs incurred by the trustee in preparing for the closing that did not take place.

Based on the foregoing, the motion to allow the estate to retain the earnest money deposit is held in abeyance pending the completion of the foreclosure sale.

This order should not preclude the parties from seeking a consensual resolution of this dispute.

**SO ORDERED.**

**DATED:  October 25, 2005**

A. Thomas Small
United States Bankruptcy Judge